IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert Charles Smith, | |
| Plaintiff, | Case No. 1:15-cv-94 |
| -vs- | **ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Hartman Walsh Painting Company, Basic Electric Power Cooperative, and Sargent & Lundy, LLC, | |
| Defendants. | |
| -and- | |
| Harman Walsh Painting Company, | |
| Defendant/Third-Party Plaintiff | |
| -vs- | |
| Duromar, Inc., | |
| Third-Party Defendant. | |

On June 30, 2017, the court received a Report and Recommendation from the magistrate judge.[1]  The Report and Recommendation recommends that Basin Electric's motion for summary judgment on its cross claim against Hartman Walsh be granted but that Basin Electric's recovery be limited to its defense costs.  Hartman Walsh filed an objection to the Report and Recommendation, asserting, in part, the circuity of obligation already found by the court precludes Basin Electric from recovering against Hartman Walsh.[2]

---

[1] Doc. #192.

[2] Doc. #193.

In addressing Hartman Walsh's objection, a recitation of the provisions in the various indemnity agreements is worthy of note. Basin Electric and Hartman Walsh's indemnity agreement states, in pertinent part:

> To the maximum extent permitted by law, [Hartman Walsh] shall defend, indemnify, and hold harmless [Basin] . . . from all claims, causes of action, losses, liabilities, and expenses (including reasonable attorney's fees) for personal loss, injury, or death to persons (including but not limited to [Hartman Walsh's] employees) and loss, damage to or destruction of [Basin's] property or the property of any other person or entity (including but not limited to [Hartman Walsh's] property) in any manner arising out [of or] connected with the Contract.[3]

The vendor agreement between Hartman Walsh and Duromar provides, in relevant part:

> <u>Indemnification</u>
> To the fullest extent allowed by law including but not limited to claims of incidence [sic] up to seven years prior and in compliance with project contract documents [Duromar] agrees to indemnify, hold harmless, and defend [Hartman Walsh], Owner, Other Site Contractors and Lenders (the "Indemnified Parties") from and against any losses arising out of but not limited to:
>
> > 1.    Injury, illness or death of any persons of [Duromar's] employees' agents and representatives. . . . .[4]

The provisions in the two contracts are not the same. Notably, the provision in the indemnity agreement between Hartman Walsh and Duromar references "any losses" and does not specifically mention attorney fees, as is the case in the agreement between Basin Electric and Hartman Walsh. Duromar has not had an opportunity to respond to whether the circuity of obligation applies to the attorney fees and expenses now at issue. The court declines Hartman Walsh's request to make such a determination without a motion in which

---

[3] Doc. #182-1.

[4] Doc. #80-1.

Duromar would have an opportunity to respond. The party who may have the ultimate obligation to pay is immaterial to the specific issue before the court, which is Basin Electric's motion to enforce the indemnity agreement against Hartman Walsh, as it pertains to attorney fees and expenses incurred in this action.

For the foregoing reasons, the court **ADOPTS** the magistrate judge's Report and Recommendation in its entirety. For the reasons set forth therein, Basin Electric's motion for summary judgment on its cross claim against Hartman Walsh is **GRANTED in part**. Basin Electric's recovery against Hartman Walsh is limited to its reasonable defense costs. The court makes no decision on whether or not Hartman Walsh is entitled to indemnification from any other party.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2017.

*/s/   Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court